### MARTIN *v.* MARTIN.

### MITCHELL *v.* LABELLE MARTIN.

**Guardian and Ward — Liability on Bond Executed in County Court and Bond
Executed in Circuit Court.**

> Although the guardian and his County Court surety became liable on
> their County Court bond for the sum paid him by the commissioner of
> the Circuit Court, it being the proceeds of a sale of his ward's property,
> the sureties in the Circuit Court bond were under obligations that the
> money should be kept or disposed of according to law and the orders of
> the court.

**Same — Suit on Guardian's Bond.**

> The ward was entitled to sue for and receive her portion of the pro-
> ceeds of a sale received by her guardian; and she was not bound to sue
> the County Court sureties jointly with the obligors in the Circuit Court
> bond.

**Same — Demur to Answer.**

> The defendant in his answer denied that the plaintiff had attained full
> age before the suit was commenced, to which a demurrer was sustained,
> which was error. The answer denies her right to sue and was a bar to
> the action, and the demurrer should have been overruled.

APPEALS FROM JESSAMINE CIRCUIT COURT.

June 25, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

The principal question in these two cases is whether a guardian,
who in a case, where slaves, the property of his wards, or of them
and others, made under chapter 80 of the Revised Statutes, has
discharged all of his duties under the bond executed by him as re-
quired by the said Revised Statutes, when having received his
ward's portion of the sale money paid to him by the commissioner
under an order of the court, he charges himself with it as

guardian, and is so charged in his settlement with the County Court.

Upon this question we are of opinion that although the guardian and his County Court sureties became liable on their County Court bond for the sum thus received, the same fact, that is the receipt of the money by the guardian from the commissioner, placed the guardian and his surety in the circuit bond under obligation that the money should be kept or disposed of according to the directions of the statute and the orders of the court. The statute does not intend that the fund thus arising under these proceedings shall be freed from its influence and provisions until it is invested or disposed of according to the orders of the court, or is finally paid to the person entitled to receive it.

The statute (article 6, section 3, subsection 1) expressly directs that if the proceeds of the sale are not reinvested they shall be kept at interest until the death or maturity of the ward and then paid over with the interest to the person entitled thereto. The plaintiff, LaBelle Martin, if she has, as she says, attained full age, before she brought this suit, was entitled to receive and to sue for her portion of the proceeds of the sale received by her guardian; and she was not bound to sue the County Court sureties jointly with the obligors in the Circuit Court bond. 15 B. Mon. 589.

The judgment would, therefore, be affirmed were it not that the defendant in his answer to which a demurrer was sustained denies that the plaintiff had attained full age before this suit was commenced, which is a denial of her right and a bar to the action, and the demurrer should, therefore, have been overruled, although as to other matters it was insufficient.

Wherefore, the judgment is reversed in favor of LaBelle Martin, and the cause remanded with directions to overrule the said demurrer, and for further proceedings consistent with this opinion.

In the case of Cornelia Martin, by guardian next friend, we are of opinion, that there being no order of the court directing the original guardian, who with Mitchell executed the bond in that court, to pay the fund arising from the sale to the new guardian, the latter has not a right to it without such order, and his ward is not entitled while an infant.

Wherefore, the judgment for the plaintiff in that case is reversed and the cause is remanded for further proceedings.